UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SCHWARZ PHARMA, INC. and CIMA
LABS, INC.,

           Plaintiffs,

             v.                           Case No. 02-C-0918

BRECKENRIDGE
PHARMACEUTICAL, INC. and
ULTIMATE FORMULATIONS, INC.
D/B/A BEST FORMULATIONS,

           Defendants.

---

DECISION AND ORDER
DENYING BRECKENRIDGE PHARMACEUTICAL, INC.'S MOTION IN LIMINE RE:
EVIDENCE OF CRIMINAL CONVICTION (DOC. # 206), GRANTING PLAINTIFF
SCHWARZ PHARMA, INC.'S EXPEDITED MOTION TO WITHDRAW MOTION TO
STRIKE (DOC. # 226), DEEMING WITHDRAWN PLAINTIFF SCHWARZ PHARMA,
INC.'S EXPEDITED MOTION TO STRIKE (DOC. # 224), DENYING BRECKENRIDGE
PHARMACEUTICAL INC.'S MOTION TO STRIKE SCHWARZ'S LATE-FILED MOTIONS
IN LIMINE (DOC. # 249), DENYING AS MOOT BRECKENRIDGE PHARMACEUTICAL,
INC.'S MOTION FOR HEARING (DAUBERT) ON MOTION IN LIMINE TO EXCLUDE
TESTIMONY BY BRIAN C. REISETTER (DOC. # 283), AND GRANTING PLAINTIFF
SCHWARZ PHARMA, INC.'S MOTION FOR LEAVE TO FILE SURREPLY IN
OPPOSITION TO DEFENDANT BRECKENRIDGE'S MOTION REQUESTING DAUBERT
HEARING (DOC. # 301)

        Currently pending are twenty motions in limine or to strike. A hearing on the motions is scheduled on September 20, 2005. However, to expedite the matter, the following motions are addressed below: defendant's motion in limine regarding evidence of criminal conviction, plaintiff's motion to withdraw its expedited motion to strike, defendant's motion to strike plaintiff's late-filed motions in limine, defendant's motion for a Daubert hearing, and plaintiff's motion for leave to file a surreply.

As an initial matter, Breckenridge asks the court to exclude any reference to the 1989 criminal conviction of Rajaram Matkari, an employee of Napean Enterprises. Inasmuch as Schwarz agrees to approach the bench out of the presence or hearing of the jury should it desire to introduce such evidence, the motion will be denied without prejudice.

Next, Schwarz filed an expedited motion to strike Breckenridge's reply brief in support of its motion for summary judgment, reply in support of its proposed findings of fact, and opposition to Schwarz's objections to its summary judgment evidence because such pleadings were filed untimely. Within days, Schwarz moved to withdraw its motion to strike. Consequently, that motion will be granted.

Breckenridge filed a motion to strike, also. It asks the court to strike Schwarz's motions in limine nos. 2 and 3 on the ground that they were untimely.

Technically, Schwarz complied with the December 20, 2004, deadline for filing motions in limine. However, Schwarz did not identify specifically the evidence that should be excluded until briefs were filed on December 30, 2004, and January 3, 2005. When filing the motion in limine on December 20, 2004, counsel for Schwarz informed the court that it would file the briefs supporting the "expert-related" motions as soon as the transcripts became available. Further, Schwarz accuses Breckenridge of "actively concealing" evidence during the course of discovery, which Breckenridge denies adamantly. In any event, Breckenridge's sole argument in support of the motion to strike is that "the motions in limine prejudice Breckenridge because, if the belated motions are permitted, it will be forced to respond less than a month before trial is set to begin on February 22." However, the trial was adjourned at Breckenridge's request to allow it more time to respond to Schwarz's "late filed motions in limine," and the court is prepared to rule on the dispositive motions. Given the length of time

2

that has passed and the allegations regarding late discovery responses, there can be no compelling argument of prejudice. Hence, the motion to strike will be denied.

Finally, Breckenridge filed a motion for a Daubert hearing with respect to its motion in limine to exclude the expert testimony of Dr. Brian C. Reisetter. A hearing on all pending motions in limine is scheduled on September 20, 2005. In opposing the Daubert hearing, Schwarz sought leave to file a surreply brief. The surreply brief was filed the same day as the motion for leave to file the surreply brief. Moreover, Breckenridge did not oppose the motion for leave to file the surreply brief, and the court has considered the arguments respecting Dr. Reisetter.

Now, therefore,

IT IS ORDERED that Breckenridge Pharmaceutical, Inc.'s motion in limine re: evidence of criminal conviction is denied without prejudice. (Doc. # 206)

IT IS FURTHER ORDERED that Schwarz Pharma, Inc.'s expedited motion to withdraw motion to strike is granted. (Doc. # 226)

IT IS FURTHER ORDERED that Schwarz Pharma, Inc.'s expedited motion to strike is deemed withdrawn. (Doc. # 224)

IT IS FURTHER ORDERED that Breckenridge Pharmaceutical Inc.'s motion to strike Schwarz's late-filed motions in limine is denied. (Doc. # 249)

IT IS FURTHER ORDERED that Breckenridge Pharmaceutical, Inc.'s motion for hearing (Daubert) on motion in limine to exclude testimony by Brian D. Reisetter is denied as moot. (Doc. # 283)

IT IS FURTHER ORDERED that Schwarz Pharma, Inc.'s motion for leave to file surreply in opposition to defendant Breckenridge's motion requesting Daubert hearing is granted. (Doc. # 301)

Dated at Milwaukee, Wisconsin, this 14th day of September, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge